# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Jamal Taylor I.D. K74386,

Plaintiff

vs.

Nurse Practioner Amanda Lamb
Medical Director Doctor EK
Nurse Practioner Kasey Kramer
Warden Christine Brannon Dortch
Grievance Officer Jason C. Garza
Wexford Health Sources Inc.

Defendant(s)

Case No. _____
(*The case number will be assigned by the clerk*)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

---

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

　　Full Name: __Jamal Taylor-Middle-Rashaun__

　　Prison Identification Number: __K74386__

　　Current address: __P.O. Box 1000, 711 Kaskaskia Street, Menard Ill. 62259.__

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

　　Defendant #1:

　　　　Full Name: __Nurse Practioner Amanda Lamb__

　　　　Current Job Title: __Nurse Practioner__

　　　　Current Work Address __Hill Correctional Center, 600 South Linwood Road, P.O. Box 1700, Galesburg Ill. 61402__

　　Defendant #2:

　　　　Full Name: __Medical Director Doctor EK__

　　　　Current Job Title: __Medical Director__

　　　　Current Work Address __Hill Correctional Center, 600 South Linwood Road, P.O. Box 1700, Galesburg Ill. 61402__

　　Defendant #3:

　　　　Full Name: __Nurse Practioner Kasey Kramer__

　　　　Current Job Title: __Nurse Practioner__

2

Current Work Address Hill Correctional Center, 600 South Linwood Road, P.O. Box 1700, Galesburg Ill. 61402

Defendant #4:

Full Name: Warden Christine Brannon Dortch

Current Job Title: Warden / Chief Administrator

Current Work Address Hill Correctional Center, 600 South Linwood Road, P.O. Box 1700, Galesburg Ill. 61402

Defendant #5:

Full Name: Grievance Officer Jason C. Garza

Current Job Title: Grievance Officer

Current Work Address Hill Correctional Center, 600 South Linwood Road, P.O. Box 1700, Galesburg Ill. 61402

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?     Yes ☒     No ☐

If yes, please describe They have some of the same facts concerning the claims in this action but at different times and circumstances unrelated.

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒     No ☐

C. If your answer to B is yes, how many? 13   Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number
   _Taylor v. Lombardi et al. 06-C-4301 Northern District_

2. Basic claim made  _Excessive Force_

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  _Settled and dismissed._

*For additional cases, provide the above information in the same format on a separate page.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ☒   No ☐

### V. STATEMENT OF CLAIM

Place(s) of the occurrence  _Hill Correctional Center_

B. Defendants

Defendant #6:

    Full Name: Wexford Health Sources Inc.

    Current Job Title: IDOC Medical Provider

    Current Work Address: Foster Plaza 4, 501 Holiday Drive, Pittsburgh PA. 15220

3-A

## III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Gaetz et al 10-558 MJR Southern District
2. Basic claim made: Cruel and Unusual Punishment
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Dismissed as 1 strike.

## III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Ramos et al 10-cv-3699 Northern District
2. Basic claim made: Prison Conditions, Deliberate Indifference
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and dismissed.

## III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Ramos et al 10-cv-3700 Northern District
2. Basic claim made: Prison Conditions, Deliberate Indifference
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and dismissed.

## III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Royce Brown et al 14-cv-9621 Northern District
2. Basic claim made: Deliberate Indifference
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and dismissed.

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Dunmars et al  15-C-00086  Northern District

2. Basic claim made: Prison Conditions, Deliberate Indifference

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Dismissed as Strike 2.

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Williams et al  15-CH-1413  Will County Illinois

2. Basic claim made: Injunction, Breach of Settlement Agreement

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Summary Judgement on the merits was granted in favor of defendants.

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. E. Michalek et al  16-cv-00629  Northern District

2. Basic claim made: Retaliation

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and Dismissed.

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Pfister et al  17-cv-1219  Central District

2. Basic claim made: Deliberate Indifference

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and Dismissed.

4-B

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Tilden et al 17-cv-1385 Central District
2. Basic claim made: Prison Conditions, Deliberate Indifference
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and Dismissed.

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Pierce et al 17-cv-1386 Central District
2. Basic claim made: Excessive Force, Retaliation
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and Dismissed.

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Lashbrook · 17-c-8446 Northern District
2. Basic claim made: Habeas Corpus
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Pending on Stay In Abeyance

III. Litigation History

1. Name of Case, Court and Docket Number:
   Taylor v. Prince  19-cv-01201 Southern District
2. Basic claim made: Retaliation, Deliberate Indifference
3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Settled and Dismissed.

4-C

Date(s) of the occurrence  1-18-2020, 1-30-2020, 4-5-2020, 5-14-2020, 9-2020

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1. On or about 1-18-2020, I was seen in the Health Care Unit for sick call at the Hill Correctional Center. I was seen by Nurse Amanda Lamb concerning multiple medical issues that I stated in my sick call request including the inflation of my left rib cage which was swollen at the time.

2. Nurse Lamb told me to explain my medical issues. While I was explaining each issue, Nurse Lamb told me to be quiet, and that I'm talking to much. Nurse Lamb then told me there was nothing in my medical records saying the Doctor seen or treated me for my ribs, and she then told me to leave without examing my left rib cage, nor did she refer me to the Doctor for my rib cage.

3. As I was leaving Nurse Lamb yelled to me saying that she is going to write me up for intimidation and threats, and that I can put that in my lawsuit as she held up my request.

4. I went 10 days with my left rib cage being swollen and me being in pain until I was seen by the Physical Therapist on 1-28-2020, who then referred me to the Medical Director to be seen on 1-30-2020 for my left rib cage.

5

5. On 1-30-2020, I was seen and examined by the Medical Director Doctor Ek who noted that I had a small cyst on my left rib cage.

6. Nurse Lamb was deliberate indifferent to my serious medical needs by not taking the time to examine my left rib cage and not treating me for the swelling. Nurse Lamb also contributed to the delay in the treatment of my swollen left rib cage by not referring me to see the Doctor to be examined and treated causing me undue and unwanton pain.

7. On or about 1-18-2020, I filed a grievance on Nurse Lamb concerning her conduct and her failure to examine and treat me. On or about 2-14-2020, I filed an Employee Review Board Complaint on Nurse Lamb to Warden Brannon Dortch concerning her misconduct and threats. On or about 2-27-2020, I filed a grievance on the Warden's response to the Employee Review Board Complaint stating her office has no expertise to contradict the findings and/or recommendations of trained medical professionals. My complaint to them both was that there was never any findings and/or recommendations by trained medical professionals concerning my medical issues due to my medical issues not being addressed.

8. On or about 4-15-2020, Grievance Officer Jason C. Garza responded to my grievance stating that a review of offender movement shows no call passes on or about 1-18-2020 for Nurse Sick Call, and that Offender cannot request or force a Review Board Complaint of staff, staff discipline is outside the Offender's

6

purview. He also stated that the referral offender was trying to get is outside the scope of the nurse, and that the grievance was without merit. Per Administrative Directive 04.03.103(5)b.(1), Nurse Practioners are allowed to make referrals, and theres a Progress Note in my medical records dated 1-18-2020 by Nurse Lamb documenting my sick call visit which refutes Grievance Officer Garza's statement.

9. Warden Brannon Dortch and Grievance Officer Garza were deliberate indifferent to my health and medical treatment. I informed them both with an Employee Review Board Complaint and multiple grievances concerning Nurse Lamb's misconduct and lack of medical treatment. Either could have placed a call to the Health Care Administrator, informed them of the situation, and made a request that I be examined and treated if necessary.

10. On or about 1-30-2020, I was finally seen and examined by Doctor EK concerning my inflated left rib cage. Doctor EK noted in the Progress Notes of my medical records that he observed a small cyst on my left rib cage. I asked doctor EK about having a X-Ray done on my chest to see whats causing the swelling but he declined.

11. I continued for the next 5 months putting in sick calls complaining of the constant swelling and pain of my left rib cage. It wasn't until 6-11-2020, that Doctor EK had a X-Ray done of my chest. The 6-18-2020 results Impression stated, "Asymmetric prominence right hilar region. I cannot exclude mass or lymphadenopathy. For higher specificity CT chest may

7

be beneficial."

12. When I was seen again by Doctor Ek concerning the 6-18-2020 X-Ray results, he told me that he was not going to refer me to collegial to be sent out for a CT scan because collegial will say it cost to much, and that he's going to give me an alternative treatment plan of pain medication.

13. I continued to go months in pain from my inflated rib cage, and I continued to tell Doctor Ek and the medical staff that none of the pain medication worked at all, but they continued to issue me pain medication that they knew didn't work.

14. It wasn't until the end of September when my condition worsen with both my rib cages inflating and lumps developing on my chest under my skin when Doctor Ek ordered another chest X-Ray.

15. The results again showed the same findings and recommendations of the 6-18-2020 results. It was only then that Doctor Ek put a referral in to collegial for me to be sent out for a CT scan of my chest.

8

16. Doctor Ek was not only deliberate indifferent to my medical needs by taking 5 months before he ordered an X-Ray of my chest, but he also delayed my treatment causing my issue to worsen by taking another 3 months to send a referral to collegial for me to be sent out for a CT scan after the first X-Ray results recommended a CT scan, thus causing me continuous unwanton pain.

17. Between September 7-20 of 2020, I was seen by Nurse Kasey Kramer in the Health Care Unit at Hill Correctional for urgent care due to chest pain, my left rib cage inflation, and lumps that had developed under my skin on my chest. Nurse Kramer wrote a false Progress Note in my medical records stating that my left rib cage was not swollen and no lumps were on my chest.

18. Witin a week I was seen by another medical staff member in the Health Care Unit concerning the same

9

left rib cage inflation and lumps under my skin on my chest that hadn't left since I was seen by Nurse Kramer which was then documented.

19. Nurse Kramer was deliberate indifferent to my medical needs and delayed my treatment when she didn't give me medical treatment and made a false Progress Note instead, causing me to endure unwanton pain.

20. Wexford Health Sources Inc., policies, procedures, and their medical contract with the IDOC instructs their employees to use cost effective alternative treatment with inmates instead of curative treatment. This encouraged their employees like Doctor Ek to only treat inmates with cost effective

10

alternative treatment. Therefore I have a Monell claim against Wexford and the IDOC. They are both liable for their policies, procedures, and medical contract.

## RELIEF REQUESTED

(State what relief you want from the court.)

I want monetary damages, punitive damages, compensatory

11.

damages, and injunctive relief to be seen by a specialist for a consultation and full lab and radiology exams for my serious medical needs mentioned in said complaint and to enforce whatever treatment the specialist recommends, including a biopsy.

JURY DEMAND    Yes ☒    No ☐

Signed this __16th__ day of __January__, 20__22__.

_Jamal Taylor_
( Signature of Plaintiff)

| Name of Plaintiff: Jamal Rashaun Taylor | Inmate Identification Number: K74386 |
|---|---|
| Address: P.O. Box 1000, 711 Kaskaskia Street, Menard Ill. 62259 | Telephone Number: 618-826-5071 |

$2